IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. PWG-19-545 |
| | : | |
| DARRYL COLTON FRAZER, | : | |
| | : | |
| Defendant | : | |

# DEFENDANT DARRYL FRAZER'S ADDITIONAL PROPOSED JURY INSTRUCTIONS

The Defendant, Darryl Frazer ("Mr. Frazer"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully submits the following three additional proposed jury instructions.

## BACKGROUND

On November 1, 2022, this Court conducted a charge conference with all counsel. Mr. Frazer was also present. By the conclusion of that conference, this Court had ruled on all objections to the Government's proposed jury instructions. Undersigned counsel alerted the Court and the Government that they planned to request on behalf of Mr. Frazer three additional instructions. This Court graciously indicated that it would consider the proposals of defense counsel and hear argument on the proposed instructions after the anticipated close of the Government's case tomorrow.

1

## PROPOSED INSTRUCTIONS

### I. Multiple Conspiracy Instruction

In the Fourth Circuit, "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that appellants were involved only in 'separate conspiracies unrelated to the overall conspiracy charged in the indictment.'" *United States v. Kennedy*, 32 F.3d 876, 884 (4th Cir.1994) (quoting *United States v. Castaneda–Cantu*, 20 F.3d 1325, 1333 (5th Cir.1994)). Mr. Frazer submits that the evidence so far and the anticipated evidence tomorrow support such an instruction.

Accordingly, Mr. Frazer respectfully requests the following instruction, which is slightly modified from *Sand* 19-5 to reflect that there is one defendant on trial and to eliminate language that is inapplicable to the facts of this case:

In this case, the defendant contends that the government's proof fails to show the existence of only one overall conspiracy. Rather, he claims that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple

conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the indictment.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel by the termination, withdrawal, additions of new members, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracy charged in the indictment did not exist, you cannot find the defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

## II. Buyer-Seller Instruction

The Fourth Circuit has adopted the holding of the United States Court of Appeals for the Seventh Circuit in *United States v. Townsend*, 924 F.2d 1385, 1394 (7th Cir. 1991), that, in drug conspiracy cases, "evidence of a buyer-seller relationship, standing alone, is insufficient to support a conspiracy conviction." *United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011), *as corrected* (Dec. 20, 2011). The evidence so far at trial and the Government's proffered text message exhibits support instructing the jury on this legal concept.

Accordingly, Mr. Frazer requests that the Court give the following instruction, which is taken from *Sand* 12-6 and is modified to remove from the list of considerations certain items that are inapplicable on the facts of this case.

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought marijuana, cocaine, MDMA, or oxycodone from another person or sold marijuana, cocaine, MDMA, or oxycodone to another person is not sufficient without more to establish that the defendant was a member of the charged

conspiracy. Instead, a conviction for conspiracy requires proof of an agreement to commit a crime beyond that of the mere sale.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

- the frequency of the sales;
- the quantity of the sales;
- the level of trust demonstrated between the buyer and the seller, including the use of codes;
- the length of time during which the sales were ongoing;
- whether the transactions were standardized;
- whether the parties advised each other on the conduct of the other's business;
- whether the buyer assisted the seller by looking for other customers;
- and whether the parties agreed to warn each other of potential threats from competitors or law enforcement.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

### III.   Reasonable Doubt

Mr. Frazer recognizes that the Fourth Circuit has "consistently and vigorously condemned the attempts of trial courts to define reasonable doubt." *United States v.*

*Reives*, 15 F.3d 42, 45 (4th Cir. 1994). Nevertheless, Maryland state trial courts, including one in which Mr. Frazer was originally charged on the basis of the same conduct at issue in this case, routinely instruct juries on the meaning of reasonable doubt. Mr. Frazer respectfully proposes the following instruction, which is adapted from Maryland Pattern Jury Instruction – Criminal 2:02.

> The Government has the burden of proving the guilt of the defendant beyond a reasonable doubt. This means that the Government has the burden of proving, beyond a reasonable doubt, each and every element of the crimes charged. The elements of a crime are the component parts of the crime about which I will instruct you shortly. This burden remains on the Government throughout the trial. The defendant is not required to prove his innocence. However, the Government is not required to prove guilt beyond all possible doubt or to a mathematical certainty. Nor is the Government required to negate every conceivable circumstance of innocence.
>
> A reasonable doubt is a doubt founded upon reason. Proof beyond a reasonable doubt requires such proof as would convince you of the truth of a fact to the extent that you would be willing to act upon such belief without reservation in an important matter in your own business or personal affairs. If you are not satisfied of the defendant's guilt to that extent for each and every element of a crime charged, then reasonable doubt exists and the defendant must be found not guilty of that crime.

Wherefore, Mr. Frazer respectfully submits these additional proposed jury instructions and thanks the Court for its consideration.

Respectfully submitted,

s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301-474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2022, a copy of the foregoing was sent to the United States Attorney's Office for the District of Maryland, via ECF.

s/_____
Michael E. Lawlor